UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CLARA BYES** | **CIVIL ACTION** |
| **VERSUS** | **NO. 17-427** |
| **CHRYSLER CORPORATION, et al.** | **SECTION: "G"(5)** |

### ORDER AND REASONS

In this litigation, Plaintiff Clara Byes ("Plaintiff") alleges that she was injured after her vehicle suddenly accelerated uncontrollably and her airbag failed to deploy when she hit a tree.[1] On September 30, 2016, Plaintiff filed a Petition in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against Defendants Chrysler Corporation ("Chrysler") and Takata Corporation ("Takata"), as manufacturers of the allegedly defective and unreasonably dangerous vehicle and airbag.[2] On November 30, 2016, Plaintiff filed an Amended Petition naming as Defendants: FCA US LLC ("FCA"), the corporate parent for Chrysler; TK Holdings, Inc. ("TK Holdings"), the corporate parent for Takata; and Ray Brandt Dodge, Inc. d/b/a Ray Brandt Dodge Chrysler Jeep ("Ray Brandt"), the automobile dealership which allegedly sold the Chrysler 300C vehicle to Plaintiff.[3]

Pending before the Court are two Motions to Remand by Plaintiff.[4] Plaintiff's first "Motion to Remand" was filed on February 13, 2017.[5] Before the Court ruled on the first Motion, on June

---

[1] Rec. Doc. 1-2 at 1.

[2] *Id.*

[3] *Id.* at 19.

[4] Rec. Docs. 13, 33.

[5] Rec. Doc. 13.

26, 2017, Defendant TK Holdings, Inc. filed a Notice of Bankruptcy and a Notice of Automatic Stay pursuant to Section 362(a) of the Bankruptcy Code.[6] On August 14, 2017, before ruling on Plaintiff's first Motion to Remand, this Court administratively stayed the case pending resolution of TK Holdings' bankruptcy proceedings. In the Court's Order staying the case, the Court instructed the parties to file a motion to reopen the case and lift the stay in the event circumstances change.[7] Rather than file a motion to reopen the case and lift the stay, on May 3, 2021, Plaintiff filed a second "Motion to Remand."[8] In the her second Motion, Plaintiff represents that the bankruptcy proceedings have ended.[9] Defendant FCA filed its opposition to Plaintiff's second Motion to Remand on June 22, 2021.[10] Accordingly, the Court will construe this Motion as Plaintiff's request to reopen the case and lift the stay.

Having considered the motions, the memoranda in support and in opposition, the record, and the applicable law, the Court reopens the case, lifts the stay, grants Plaintiff's first Motion to Remand, and remands this case as to state court.

## I. Background

### A.   *Factual Background*

In this litigation, Plaintiff alleges that she was operating her Chrysler 300C vehicle manufactured by Chrysler on October 2, 2015, when, suddenly and without warning, her vehicle

---

[6] Rec. Doc. 18.

[7] Rec. Doc. 23.

[8] Rec. Doc. 33.

[9] *Id.*

[10] Rec. Doc. 35.

accelerated uncontrollably.[11] Plaintiff asserts that she was forced to use her emergency brake, which caused her vehicle to slam into a tree.[12] According to Plaintiff, the airbag manufactured by Takata did not deploy upon impact.[13] Plaintiff brings her cause of action under the Louisiana Products Liability Act ("LPLA") for the injuries caused by the allegedly defective and unreasonably dangerous vehicle and airbag.[14]

### B.   *Procedural Background*

On September 30, 2016, Plaintiff filed a Petition for Damages in the 24th Judicial District Court for the Parish of Jefferson, State of Louisiana, against Chrysler and Takata.[15] On November 30, 2016, Plaintiff filed an Amended Petition for Damages naming FCA, TK Holdings, and Ray Brandt as Defendants.[16] On January 18, 2017, FCA removed the case to this Court pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).[17] FCA asserts that Plaintiff, a Louisiana citizen, is completely diverse from Defendants FCA and TK Holdings.[18] FCA further argues that Plaintiff fraudulently joined Ray Brandt, a Louisiana citizen, as FCA contends that Plaintiff has no possibility of recovery against Ray Brandt.[19]

---

[11] Rec. Doc. 1-2 at 1.

[12] *Id.*

[13] *Id.* at 2.

[14] *Id.*

[15] *Id.*

[16] *Id.* at 19.

[17] Rec. Doc. 1 at 1.

[18] *Id.*

[19] *Id.* at 4–6.

On February 13, 2017, Plaintiff filed her first Motion to Remand, which was set for submission on March 13, 2017.[20] On March 7, 2017, FCA filed an opposition.[21] TK Holdings filed an opposition on March 7, 2017.[22] Before the Court ruled on the first Motion, on June 26, 2017, Defendant TK Holdings, Inc. filed a Notice of Bankruptcy and a Notice of Automatic Stay pursuant to Section 362(a) of the Bankruptcy Code.[23] In accordance with the automatic stay, the Court stayed this action and ordered the parties to file a motion to reopen the case "if circumstances change."[24]

No party ever moved to reopen the case. Instead, Plaintiff filed her second Motion to Remand on May 3, 2021.[25] In the second Motion, Plaintiff asserts that the bankruptcy proceedings against TKA have been dismissed.[26] Defendant FCA filed its opposition to Plaintiff's second Motion on June 22, 2021. Accordingly, the Court construes the second Motion to Remand as the Plaintiff's request to lift the stay.

## II. Parties' Arguments

### A.   *FCA's Notice of Removal*

In FCA's Notice of Removal, FCA contends that removal of this matter from state court is proper pursuant to this Court's diversity jurisdiction under 28 U.S.C. § 1332(a).[27] FCA avers that:

---

[20] Rec. Doc. 13.

[21] Rec. Doc. 14.

[22] Rec. Doc. 16.

[23] Rec. Doc. 18.

[24] Rec. Doc. 23.

[25] Rec. Doc. 33. Plaintiff initially filed the motion to remand on April 26, 2021, Rec. Doc. 29. However, that filing was flagged as deficient by the Clerk of Court.

[26] Rec. Doc. 33 at 1.

[27] Rec. Doc. 1 at 1.

(1) Plaintiff is a citizen of Louisiana; (2) FCA is a Delaware limited liability company with its principal place of business in Michigan and whose members are citizens of Delaware, New York, the Netherlands, and the United Kingdom;[28] and (3) TK Holdings is a Delaware corporation with its principal place of business in Michigan.[29] Thus, FCA asserts that FCA and TK Holdings are diverse from Plaintiff.[30]

FCA argues that, while Plaintiff's Amended Petition for Damages also names Ray Brandt, a Louisiana citizen, as a Defendant, the joinder of Ray Brandt was improper because Ray Brandt cannot be held liable under the LPLA.[31] In particular, FCA points out that Plaintiff alleges in her Amended Petition that Ray Brandt "sold the defective vehicle to Plaintiff" and "knew or should have known about the malfunctioning vehicle and did not warn Plaintiff about the defects in the vehicle."[32] However, FCA contends that the LPLA "establishes the exclusive theories of liability for manufacturers for damage caused by their products," and thus applies exclusively to manufacturers.[33] FCA concedes that the LPLA can apply to a seller of a product "who exercises control over or influences a characteristic of the design, construction or quality of the product that

---

[28] *Id.* at 3. In particular, FCA contends that its sole member is FCA North America Holdings LLC, a Delaware limited liability company with its principal place of business in New York. *Id.* at 3. FCA states that FCA North America Holdings LLC's sole member is Fiat Chrysler Automobiles N.V., a publicly traded company formed in the Netherlands with its principal place of business in London, England. *Id.* According to FCA, "[u]nder 28 U.S.C § 1332(c)(1), Fiat Chrysler Automobiles is a citizen of the Netherlands and the United Kingdom, and under controlling Fifth Circuit precedent, FCA US LLC and FCA North America Holdings LLC are, therefore, also citizens of the Netherlands and the United Kingdom." In sum, FCA argues that neither FCA nor its members are citizens of Louisiana. *Id.*

[29] *Id.* at 1.

[30] *Id.*

[31] *Id.* at 4.

[32] *Id.*

[33] *Id.* at 5 (quoting La. Rev. Stat. § 9:2800.53).

causes damages."[34] However, FCA argues that the Amended Petition does not allege that Ray Brandt either manufactured Plaintiff's vehicle or had any control over its design, construction, or quality.[35] Thus, FCA asserts that Plaintiff has no possibility of recovery against Ray Brandt under the LPLA.[36]

Furthermore, FCA avers that Ray Brandt cannot be held liable under a negligence theory, as Louisiana law only permits a non-manufacturer seller to be held liable for damages "if it knew or should have known that the product was defective and failed to notify the purchaser of the defect."[37] FCA argues that Plaintiff has not alleged anything to suggest that Ray Brandt had knowledge of any defects in Plaintiff's vehicle or that Ray Brandt made any repairs or modifications to the vehicle relevant to the alleged defects.[38] Thus, FCA asserts that the joinder of Ray Brandt is improper, and Ray Brandt's Louisiana citizenship does not preclude removal of this matter to this Court.[39]

Finally, FCA avers that it is "facially apparent" that the amount in controversy exceeds $75,000.[40] FCA points out that Plaintiff alleged she suffered "a punctured lung, strains and sprains, with broken bones from head to toe" and that she was "traumatized" by the accident and experienced mental anguish and "an overall and tremendous decline in quality of life."[41]

---

[34] *Id.*

[35] *Id.*

[36] *Id.* at 4.

[37] *Id.* at 5 (citing *Kelly v. Price-Macemon, Inc.*, 992 F.2d 1408, 1413 (5th Cir. 1993); *Tauzier v. Dodge*, No. 97-2444, 1998 WL 458184, at *4 (E.D. La. Aug. 4, 1998)).

[38] *Id.*

[39] *Id.* at 6.

[40] *Id.* at 6–7.

[41] *Id.* at 7.

Moreover, FCA contends that Plaintiff seeks recovery for loss of income, wages, and property damage for her "totally destroyed" Chrysler 300C vehicle.[42]

### B. Plaintiff's First Motion to Remand

#### 1. Plaintiff's Arguments in Support of First Motion to Remand

In her first Motion to Remand, Plaintiff argues that this case should be remanded to state court.[43] Plaintiff points out that she alleged that Defendant Ray Brandt is a domestic corporation operating in Jefferson Parish, Louisiana.[44] Plaintiff contends that FCA's fraudulent joinder argument fails, as FCA cannot meet its burden of showing that "there is no possibility that [Plaintiff] could establish a cause of action against [Ray Brandt] in state courts."[45] According to Plaintiff, a claim under the LPLA may be asserted against a non-manufacturer seller for a defective product if the seller "knew or should have known that the product sold is defective."[46] However, Plaintiff argues that this is a question of fact that cannot be decided at the onset of litigation.[47]

#### 2. Defendant FCA's Arguments in Opposition to First Motion to Remand

In opposition, FCA argues that removal was proper because Plaintiff "improperly joined Ray Brandt solely to defeat diversity of citizenship."[48] According to FCA, Plaintiff misconstrues the applicability of the LPLA against Ray Brandt.[49] FCA contends that because Plaintiff has not

---

[42] *Id.*

[43] Rec. Doc. 13-1 at 1.

[44] *Id.*

[45] *Id.* at 2 (quoting *Dodson v. Spiliada Maritime Corp.*, 951 F.2d 40, 42 (5th Cir.1992)).

[46] *Id.* (citing La. Civ. Code art. 2545).

[47] *Id.* Although this action was filed over four and a half years ago, the Court notes that, because of the lengthy bankruptcy stay, this case is still at the "onset of litigation."

[48] Rec. Doc. 14 at 1.

[49] *Id.* at 2.

alleged that Ray Brandt has any control or influence over Plaintiff's vehicle's "design, construction or quality," Plaintiff has no possibility of recovering from Ray Brandt under the LPLA.[50]

FCA provides an affidavit of Terry Blackwood, a representative of Ray Brandt, who states that Ray Brandt only sells and services vehicles, and that it is not a manufacturer or designer of automobiles and did not exercise control over or influence any characteristic of the design, construction, or quality of Plaintiff's vehicle.[51] FCA also submits Ray Brand's service records for Plaintiff's vehicle, which FCA avers shows that Ray Brandt did not perform any service or repairs on the vehicle related to Plaintiff's defect allegations.[52] According to FCA, the service records only show that Ray Brandt performed a variety of repairs to the vehicle unrelated to Plaintiff's claims, such as removing scratches and dents, balancing the tires, and repairing the ignition switch and gear shifter.[53]

Moreover, FCA points out that Plaintiff has not asserted a negligence or redhibition cause of action against Ray Brandt.[54] FCA argues that even if Plaintiff's Amended Petition could be construed to assert a negligence claim against Ray Brandt, Plaintiff has failed to make any factual allegations as to how Ray Brandt "knew or should have known" of the alleged defects in Plaintiff's vehicle.[55] FCA avers that Plaintiff's conclusory allegations against Ray Brandt are insufficient to establish a possibility of recovery against the dealer.[56] Furthermore, FCA asserts that Ray Brandt's

---

[50] *Id.*

[51] *Id.* at 4–5.

[52] *Id.* at 5.

[53] *Id.*

[54] *Id.* at 2.

[55] *Id.*

[56] *Id.* at 2–3.

service and repair work on Plaintiff's vehicle was limited to routine maintenance and repairs to its tires, door handles, windows, undershield, ignition, brake sensor, shifter, and battery.[57] FCA also points out that Blackwood's affidavit attests to the fact that Ray Brandt was unaware of any service issues related to the sudden acceleration of the vehicle or non-deployment of its airbags.[58]

### 3.  TK Holding's Arguments in Opposition to the First Motion to Remand

In its opposition memorandum, TK Holdings joins and adopts the arguments made in FCA's memorandum in opposition to Plaintiff's first Motion to Remand in its entirety.[59] Thus, TK Holdings asserts that Ray Brandt is an improperly joined Defendant, and therefore Plaintiff's first Motion to Remand should be denied.[60]

### C.  *Plaintiff's Second Motion to Remand*

### 1.  Plaintiff's Arguments in Support of Second Motion to Remand

In Plaintiff's second Motion to Remand, Plaintiff asserts that "[b]ased on the permanent injunction which bars personal injury claims against Takata Corporation, there is no federal jurisdiction against the remaining Defendants."[61]

### 2.  FCA's Arguments in Opposition to Second Motion to Remand

FCA argues that Plaintiff's Second Motion to Remand should be denied because Plaintiff failed to "address[] the substantive basis for the removal."[62] FCA maintains that Plaintiff cannot establish a claim against Ray Brandt under the LPLA because Plaintiff has not alleged that Ray

---

[57] *Id.* at 9.

[58] *Id.*

[59] Rec. Doc. 16 at 1.

[60] *Id.*

[61] Rec. Doc. 33-1 at 2.

[62] Rec. Doc. 35 at 4 (quoting La. R.S. § 9:2900.53).

Brand "exercises control over or influences a characteristic of the design, construction or quality" of the automobile at issue here.[63] Alternatively, FCA asserts that Plaintiff has not and cannot state a claim for "ordinary negligence" against Ray Brandt because Plaintiff cannot establish that Ray Brandt "knew or should have known" of the defects in the automobile.[64]

### III. Legal Standard

A defendant may remove a state civil court action to federal court if the federal court has original jurisdiction over the action.[65] Pursuant to 28 U.S.C. § 1332, a district court has subject matter jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interests and costs, and is between . . . citizens of different States[.]" The removing party bears the burden of demonstrating that federal jurisdiction exists.[66] In assessing whether removal was appropriate, the Court is guided by the principle, grounded in notions of comity and the recognition that federal courts are courts of limited jurisdiction, that "removal statute[s] should be strictly construed in favor of remand."[67] Remand is appropriate if the Court lacks subject matter jurisdiction, and "doubts regarding whether removal jurisdiction is proper should be resolved against federal jurisdiction."[68]

Improper joinder provides a "narrow exception" to the complete diversity requirement for removal jurisdiction.[69] "The party seeking removal bears a heavy burden of proving that joinder

---

[63] *Id.* at 5, 7–8.

[64] *Id.* 9–11.

[65] 28 U.S.C. § 1441(a); *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 34 (2002).

[66] *See Allen v. R&H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995).

[67] *Manguno v. Prudential Prop. & Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

[68] *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir. 2000) (citing *Willy v. Coastal Corp.*, 855 F.2d 1160, 1164 (5th Cir. 1988)).

[69] *McDonal v. Abbott Lab'ys*, 408 F.3d 177, 183 (5th Cir. 2005).

of the in-state party was improper."[70] Any contested issues of fact and any ambiguities of state law must be resolved in the plaintiff's favor.[71] The court must also take into account the "status of discovery" and consider what opportunity the plaintiff has had to develop its claims against the non-diverse defendant.[72] The district court is "not to conduct a mini-trial" of the plaintiff's claims, but must only determine whether there is a possibility that the plaintiff had set forth a valid cause of action against that defendant.[73] Unless it is clear that the non-diverse defendant has been improperly joined, the case should be remanded to the state court from which it was removed.[74]

If a non-diverse defendant has been improperly joined to an action, a party may remove the action by showing either: (1) actual fraud in pleading jurisdictional facts; or (2) inability of the plaintiff to establish a cause of action against the non-diverse defendant.[75] Under the second prong, joinder is improper if "there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[76]

District courts may assess whether a plaintiff has "a reasonable basis of recovery under state law" in either of two ways. First, the court may conduct a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant.[77] Second, in rare cases, if "a plaintiff has stated a claim,

---

[70] *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc).

[71] *McKee v. Kan. City S. Ry. Co.*, 358 F.3d 329, 334 (5th Cir. 2004).

[72] *Id.*

[73] *Id.* at 336 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).

[74] *Id.* at 337.

[75] *Smallwood*, 385 F.3d at 573 (citing *Travis*, 326 F.3d at 646–47).

[76] *Id.*; *see also Landry v. State Farm Fire & Cas. Co.*, 428 F. Supp. 2d 531, 536 (E.D. La. 2006).

[77] *Id.*

but has misstated or omitted discrete facts that would determine the propriety of joinder . . . the district court may, in its discretion, pierce the pleadings and conduct a summary inquiry."[78] If a court decides to "pierce the pleadings" when assessing a claim of fraudulent joinder, it may "consider summary judgment-type evidence in the record, but must also take into account all unchallenged factual allegations, including those alleged in the complaint, in the light most favorable to the plaintiff," and resolve "[a]ny contested issues of fact and any ambiguities of state law" in the plaintiff's favor.[79] However, in conducting a summary inquiry for the purposes of determining fraudulent joinder, the court does not assess "whether the plaintiff will actually or even probably prevail on the merits of the claim," but only determines whether there is "a possibility that the plaintiff might do so."[80] In other words, where courts choose to pierce the pleadings, the party asserting fraudulent joinder must provide evidence that "negate[s] the possibility" that the non-diverse party may be held liable.[81]

### IV. Analysis

In its Notice of Removal, FCA argues that removal of this case to federal court is proper pursuant to this Court's diversity jurisdiction, as the only non-diverse Defendant, Ray Brandt, was fraudulently joined.[82] FCA does not assert that there was actual fraud in pleading jurisdictional facts, but rather FCA contends that Plaintiff has no possibility of recovery against Ray Brandt.[83]

---

[78] *Id.*

[79] *Travis*, 326 F.3d at 648–49.

[80] *Guillory v. PPG Indus., Inc.*, 434 F.3d 303, 308–09 (5th Cir. 2005).

[81] *Travis*, 326 F.3d at 650.

[82] Rec. Doc. 1 at 4–6.

[83] *Id.* at 4.

Accordingly, to defeat Plaintiff's motion to remand, FCA must demonstrate that Plaintiff cannot establish a cause of action against Ray Brandt, *i.e.* that there would be "no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant."[84]

Plaintiff's original Petition for Damages asserted a cause of action under the LPLA against Chrysler Corporation and Takata Corporation for alleged defects in her vehicle and airbag.[85] In her Amended Petition for Damages filed in state court, Plaintiff added an additional claim against Ray Brandt, and alleged that Ray Brandt "knew or should have known about the malfunctioning vehicle and did not warn Plaintiff about the defects in the vehicle" before selling the vehicle to Plaintiff.[86]

Pursuant to Louisiana Revised Statute § 2800.53(1), the LPLA defines a "manufacturer" as a "person or entity who is in the business of manufacturing a product for placement in to trade or commerce," whereas Section 2800.53(2) defines "seller" as a "person or entity who is not a manufacturer and who is in the business of conveying title to or possession of a product to another person or entity in exchange for anything of value."[87] Several Louisiana state courts have recognized that a non-manufacturing seller "who does not vouch for the product by holding it out as his own does not incur strict manufacturer's liability under the LPLA, but is responsible for damages in tort 'only if he knew or should have known that the product sold was defective, and failed to declare it.'"[88] Here, Plaintiff alleges that: (1) the vehicle sold by Ray Brandt was

---

[84] *See Smallwood*, 385 F.3d at 573; *Landry*, 428 F. Supp. 2d at 536.

[85] Rec. Doc. 1-2 at 6.

[86] Rec. Doc. 1-2 at 20.

[87] La. Rev. Stat. § 2800.53(1), (2).

[88] *Reaux v. Deep S. Equip. Co.*, 02-1571, p. 5–6 (La. App. 4 Cir. 2/5/03); 840 So. 2d 20, 23 (quoting *Slaid v. Evergreen Indem., Ltd.*, 32,363, p. 6 (La. App. 2d Cir. 10/27/99); 745 So. 2d 793, 767; *see also Alexander v. Toyota*

defective; (2) Ray Brandt knew or should have known the vehicle was defective; and (3) Ray Brandt failed to warn her that the vehicle was defective.[89]

In opposition to the motion to remand, FCA argues that Plaintiff's allegations fail to support a negligence claim against Ray Brandt, as Plaintiff does not allege how Ray Brandt knew or should have known of the vehicle's alleged defects.[90] However, FCA must show that there is no *possibility* that Plaintiff has set forth a valid cause of action against the non-diverse defendant, and the Court is "not to conduct a mini-trial" to determine if a party was fraudulently joined.[91] FCA cites to *Tauzier v. Dodge*, a non-binding case from another section of the Eastern District of Louisiana, to support its argument that Plaintiff has not sufficiently pleaded a claim against Ray Brandt.[92] However, in *Tauzier*, the plaintiff had only alleged that the dealer failed to warn her of the alleged defects in the vehicle, and did not allege that the dealer knew or should have known about the defects.[93] By contrast, here Plaintiff has alleged that Ray Brandt knew or should have known about the defect in her vehicle. Thus, the Court concludes that FCA has not carried its "heavy burden" of showing that Plaintiff cannot state a claim against Ray Brandt and satisfying

---

*Motor Sales, U.S.A.*, 13-0756, p. 6 (La. 9/27/13); 123 So. 3d 712, 716 (Knoll, J., dissenting) ("Under the LPLA, a non-manufacturing seller of products is responsible for damages in tort if: 1) the product he sold was defective; 2) he knew or should have known the product he sold was defective and 3) he failed to declare its defect.").

[89] Rec. Doc. 1-2 at 20.

[90] Rec. Doc. 14 at 2.

[91] *Id.* at 336 (citing *Travis v. Irby*, 326 F.3d 644, 648 (5th Cir. 2003)).

[92] Rec. Doc. 14 at 2 (citing *Tauzier v. Dodge*, No. 97-2444, 1998 WL 458184, at *4 (E.D. La. Aug. 4, 1998) (Vance, J.)).

[93] *Tauzier*, 1998 WL 458184, at *4.

the "narrow exception" to the complete diversity requirement of improper joinder.[94] Accordingly, the Court finds that remand is proper.

This Court notes that in "rare" cases—where the plaintiff survives a Rule 12(b)(6) analysis but "misstate[s] or omit[s] discrete facts that would determine the propriety of joinder"—a district court "*may*, in its discretion, pierce the pleadings and conduct a summary inquiry."[95] Stated differently, the Court may end the inquiry and remand the case once the Plaintiff survives a Rule 12(b)(6) analysis.[96] Here, Plaintiff survives a Rule 12(b)(6) analysis because the Petition adequately pleads a claim against Ray Brandt. Therefore, the Court need not conduct a summary inquiry. Remand is appropriate.

## IV. Conclusion

Based on the foregoing, the Court finds that FCA has not carried its "heavy burden" of showing that Plaintiff cannot state a claim against Ray Brandt and satisfying the "narrow exception" to the complete diversity requirement of improper joinder.[97] Therefore, the Court concludes that remand of the above-captioned matter pursuant to 28 U.S.C. § 1447(c) is proper, and grants Plaintiff's motion to remand. Accordingly,

**IT IS HEREBY ORDERED** that the stay in the above captioned matter is lifted and the case is reopened.

---

[94] *McDonal*, 408 F.3d at 183; *Smallwood*, 385 F.3d at 574.

[95] *Vigne v. Cooper Air Freight Servs.*, No. 19-1213, 2019 WL 2710502, at *4 (E.D. La. June 28, 2019) (Brown, C.J.) (quoting *Smallwood*, 385 F.3d at 573) (emphasis added).

[96] *See Cumpian v. Alcoa World Alumina, L.L.C.*, 910 F.3d 216, 220 (5th Cir. 2018).

[97] *McDonal*, 408 F.3d at 183; *Smallwood*, 385 F.3d at 574.

**IT IS FURTHER ORDERED** that Plaintiff Clara Byes's first "Motion to Remand"[98] is **GRANTED**. The case is hereby remanded to the 24th Judicial District Court for the Parish of Jefferson.

**NEW ORLEANS, LOUISIANA,** this 30th day of October, 2021.

                                           **NANNETTE JOLIVETTE BROWN**
                                           **CHIEF JUDGE**
                                           **UNITED STATES DISTRICT COURT**

---

[98] Rec. Doc. 13.